**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JAMES A. JACKSON,                                                                   PLAINTIFF
ADC # 097577

v.                                             5:13CV00156-JJV

WILLIAM WARREN, Dr.,
Cummins Unit, ADC; *et al.*                                                DEFENDANTS

**MEMORANDUM AND ORDER**

**I.     BACKGROUND**

James Jackson is an inmate in the Cummins Unit of the Arkansas Department of Correction (ADC). He states Defendants violated his constitutional rights when they failed to provide proper medical care for a wound on his foot. (Doc. No. 1.) On April 4, 2012, he filed grievance number CU12-00830 because he was not receiving proper medical care for a wound on his foot. (Doc. No. 1 at 4, 6; Doc. No. 23-3 at 6-9.) He stated the prescribed medication was not working and questioned the delay in referring him to see a specialist. (Doc. No. 1 at 6; Doc. No. 23-3 at 6). On May 7, 2012, the Health Service Administrator responded as follows:

> You report in your complaint that you need to see a specialist about the wound on your foot. You report the Aquacel is not working. I informed you that Dr. Warren had made changes to your treatment and indicated that if there was no change after 2 weeks a consult would be requested. Your reported that the 2nd treatment wasn't started. The ointment requested by Dr. Warren was not available and the previous treatment was continued. When there was no change at your follow up a consult was submitted. You were sent out to the surgery clinic. I find your grievance had merit because the ointment Dr. Warren requested was not available but is resolving as the ointment has been ordered.

(Doc. No. 1 at 7; Doc. No. 23-3 at 7.)

Defendants now move for summary judgment claiming Mr. Jackson failed to exhaust his administrative remedies before filing suit. (Doc. No. 23.) They argue that despite a meritorious

finding, Mr. Jackson was still obligated to appeal. (Doc. No. 24 at 4.) Mr. Jackson failed to respond to the Motion. Defendants also move to have their Statement of Undisputed Facts deemed admitted. (Doc. No. 29.)

## II. STANDARD OF REVIEW

### A. Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### B. Exhaustion

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199,

202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).  Exhaustion under the PLRA is mandatory.  *Jones v. Bock*, 549 U.S. at 211.  The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The United States Court of Appeals for the Eighth Circuit has identified four objectives that are promoted by the administrative exhaustion requirement: "(1) the development of the necessary factual background upon which the claim is based; (2) the exercise of administrative expertise and discretionary authority often necessary for the resolution of the dispute; (3) the autonomy of the prison administration; and (4) judicial efficiency from the settlement of disputes at the prison level." *Mason v. Ciccone*, 531 F.2d 867, 870 (8th Cir. 1976).  "The benefits from prior administrative review are substantial" and "[t]he procedure must be give an opportunity to succeed."  *Id*.

The PLRA does not prescribe the manner in which exhaustion occurs.  *See Jones v. Bock*, 549 U.S. at 922-923.  It merely requires compliance with prison grievance procedures to properly exhaust.  *See id*. at 922-23.  Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy.  *See id*. at 923-924.

**III.    ANALYSIS**

Defendants submitted Administrative Directive 12-16, the ADC inmate grievance procedure in effect when Mr. Jackson commenced this action.  (*See* Doc. No. 23-1.)  Inmates are required to fully exhaust their administrative remedies in accordance with ADC grievance procedures prior to filing a civil lawsuit.  (*Id.* at 18.)  Exhaustion under the ADC's grievance procedures also requires inmates to fully appeal any adverse decisions.  (*Id.* at 11-12.)

3

The ADC has a two step grievance process. (*Id.* at 5-13.) Step one requires the inmate to first seek an informal resolution of his issue prior to filing a grievance. (*Id.* at 5.) If the inmate is not satisfied with the attempt to resolve his issue, he may proceed to step two by filing a formal grievance. (*Id.* at 8.) Medical grievances are forwarded to the Health Services Administrator (HSA). (*Id.* at 9.) If the HSA response to the grievance fails to satisfactorily resolve the issue, the inmate can file an appeal with the Deputy Director for Health and Correctional Programs. (*Id.* at 11.)

Although the issue was resolved through the initial grievance process, Defendants argue Mr. Jackson was required to appeal. (Doc. No. 24.) They cite no authority on this point and the Court has found no authority to support such a position. In fact, the Court finds this argument to be counterintuitive given the objectives of the administrative exhaustion requirement. Here, Mr. Jackson complained about the care he received for the wound on his foot, his complaint was found to have merit, and the issue was resolved. The grievance form advises inmates of their right to appeal "[i]f [they] are not satisfied with [the] response. . . ." (Doc. No. 23-1 at 22.) In this instance, there was nothing more for Mr. Jackson to pursue through the administrative remedy process. Through this civil action, he now pursues damages for injuries he received as a result of Defendants' alleged deliberate indifference to his serious medical need. (Doc. No. 1 at 4-5.)

## IV. CONCLUSION

Accordingly, the Court concludes that Mr. Jackson exhausted his administrative remedies and Defendants' Motion for Summary Judgment (Doc. No. 23) and Motion to Deem Admitted (Doc. No. 29) are DENIED.

SO ORDERED this 15th day of January, 2014.

_____
JOE J. VOLPE

UNITED STATES MAGISTRATE JUDGE